**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Tracy WALKER, Defendant–Appellant.**

**No. 94–5084.**

United States Court of Appeals, Fourth Circuit.

Argued July 20, 1994.

Decided Oct. 31, 1994.

**ARGUED:** Randolph Brian Monchick, Asst. Federal Public Defender, Raleigh, NC, for appellant. John S. Bowler, Asst. U.S. Atty., Raleigh, NC, for appellee. **ON BRIEF:** Janice McKenzie Cole, U.S. Atty., Christine B. Hamilton, Asst. U.S. Atty., Raleigh, NC, for appellee.

Before WILKINSON and WILKINS, Circuit Judges, and ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

Affirmed in part and vacated and remanded in part by published opinion. Judge ANDERSON wrote the opinion, in which Judge WILKINSON and Judge WILKINS joined.

**OPINION**

GEORGE ROSS ANDERSON, Jr., District Judge:

Walker, an ex-felon,[1] pled guilty to possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(c), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He was sentenced to 188 months imprisonment and a fine of $9,700. Appeal was timely filed.

Walker appeals on two grounds. First, he contends that the trial judge erred in not dismissing Count Two of the indictment because he cannot be convicted under 18 U.S.C. § 922(g) for possessing a sawed-off shotgun in his home. Second, he alleges that the trial judge erred in sentencing him to pay a fine when the presentence report said that he lacked the present ability to do so. We affirm in part and vacate and remand in part to the district court.

I.

Title 18 U.S.C. § 922(g) makes it unlawful for a person who has been convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm

1. The appellant pled guilty to four counts of breaking and entering and four counts of larceny on January 13, 1987. He was sentenced to three years imprisonment for those crimes. He was subsequently released, and his civil rights were restored under North Carolina law.

or ammunition in or affecting commerce. Congress has provided a limited exception to this rule. "In enacting the Firearm Owner's Protection Act in 1986, Congress clearly empowered each state to determine if ex-felons would be legally permitted under federal law to possess firearms. In effect, each state is able to carve out exemptions to the general federal proscription against possession of any firearm by any ex-felon." *United States v. Essick,* 935 F.2d 28, 31 (4th Cir.1991).

Walker argues that North Carolina has carved out an exemption to 18 U.S.C. § 922(g) in its Felony Firearms Act, N.C.Gen.Stat. § 14–415.1.[2] That statute, while making it illegal for an ex-felon whose civil rights have been restored to possess a sawed-off shotgun, contains a footnote that says "[n]othing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or ... place of business." Walker argues that this footnote shields him from prosecution under 18 U.S.C. § 922(g) because the sawed-off shotgun he was convicted of possessing was found in his home and there is no evidence of his having possessed it outside his home.[3]

In deciding what, if any, weapons a North Carolina ex-felon whose civil rights have been restored may possess, this Court has said that the "whole of North Carolina law" must be looked at to give effect to state reforms with respect to firearms. *United States v. McLean,* 904 F.2d 216, 218 (4th Cir.1990). In *McLean,* the question was whether, in determining if North Carolina had restricted the firearms privileges of ex-felons whose civil rights had been restored, a court should look to the defendant's certificate of discharge alone or whether it was permissible to look at the state's statutes. The *McLean* court decided that it was appropriate, in giving due deference to the state, to look at its law as a whole. *Id.* Therefore, the Court looked to the North Carolina Felony Firearms Act, N.C.Gen.Stat. § 14–415.1, in determining whether possession of a handgun by an ex-felon was prosecutable under section 922(g). The *McLean* court decided that North Carolina, while restoring its ex-felon's civil rights, clearly intended to limit their firearms privileges. *Id.* at 219. It was further determined that possession of a handgun outside the home or business fell squarely within the Felony Firearms Act and was a valid basis for prosecution under section 922(g). *Id.* Left unanswered in that case was the very question presented here: whether a different result should be reached where an ex-felon has been indicted for possessing a firearm within his home. *See id.* at 219, n. 4.

This question must be answered not by looking at one footnote in one statute, but by looking at the whole of North Carolina law. Footnote two to the North Carolina Felony Firearms Act does permit ex-felons to possess firearms within their homes. However, North Carolina clearly did not intend to restore to ex-felons the right to possess weapons of mass death and destruction, even in their homes. With limited and specific exceptions, no one in North Carolina, ex-felon or otherwise, may possess, store or acquire a sawed-off shotgun for any reason or under any circumstance. *See* N.C. Gen.Stat. § 14–288.8. Section 14–288.8 provides in pertinent part:

2. That statute provides that "It shall be unlawful for any person who has been convicted of [a felony] to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in N.C.Gen.Stat. § 14–288.8(c), within five years of the date of such conviction, or the unconditional discharge from a correctional institution, or the termination of a suspended sentence, probation, or parole upon such conviction, whichever is later." The second footnote to this section states that "[n]othing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business."

3. While there was some evidence that the defendant did take the shotgun outside his home to test-fire it, he apparently was within the curtilage of his home at that time. Further, there was no testimony to dispute the defendant's story that the gun had been brought to his home originally by a third party. Therefore, we consider the case as though the weapon had been possessed by the defendant only in his home.

> Except as otherwise provided in this section, it is unlawful for any person to manufacture, assemble, possess, store, transport, sell, purchase, offer to purchase, deliver or give to another, or acquire any weapon of mass death and destruction.

The term "weapon of mass death and destruction" includes "any shotgun with a barrel or barrels of less than 18 inches in length or an overall length of less than 26 inches." N.C.Gen.Stat. § 14–288.8(c)(3). The statute provides four exceptions to this blanket prohibition for researchers, specially licensed collectors and dealers, and other specifically licensed government and private persons. N.C.Gen.Stat. § 14–288.8(b)(1–4). The statute does not exempt ex-felons when possessing such weapons in their homes. Reading this statute *in pari materia* with N.C.Gen. Stat. § 14–415.1, it is clear that the footnote to that section which reads "[n]othing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or ... place of business" does not apply to weapons of mass death and destruction. Therefore, it is clear that North Carolina did not intend to restore to its ex-felons the right to possess such weapons within their own homes, in contravention of the general federal prohibition against felons possessing firearms. We find that the trial judge correctly denied Walker's motion to dismiss Count Two of the indictment against him.

II.

Walker's second challenge is to his $9,700 fine. Title 18 U.S.C. § 3572 establishes several factors to be considered by the district court when deciding whether to impose a fine. This court has made it clear that the district court must make factual findings with respect to applicable section 3572 factors, so that there can be a basis from which to review whether the district court abused its discretion in assessing a fine. *United States v. Shulman,* 940 F.2d 91, 95 (4th Cir.1991); *United States v. Harvey,* 885 F.2d 181 (4th Cir.1989); *United States v. Bruchey,* 810 F.2d 456, 459 (4th Cir.1987). We think that findings should have been made here. This case is distinguishable from *United States v. Taylor,* 984 F.2d 618, 622 (4th Cir.1993), where the court upheld the imposition of a relatively minor fine in the face of a contention that the court had failed to make adequate findings. The *Taylor* PSR indicated that Taylor had no financial obligations that would impede his ability to earn income and make payments through the Inmate Financial Responsibility Program, which could be applied to the fine. By contrast, Walker's PSR indicated a negative net worth and the lack of any ability to immediately satisfy a fine. Moreover, the fine imposed in *Taylor* was $2,000, whereas the fine imposed here amounted to $9,700. We therefore vacate the fine and remand the case for the district court to make specific findings with respect to appellant's ability to pay. We obviously express no view as to the merits of that question.

The judgment of the district court is

*AFFIRMED IN PART AND VACATED AND REMANDED IN PART.*