50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph ALEXANDER, Sr., Defendant-Appellant.
 No. 92-5866.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 31, 1995.
Decided: March 22, 1995.
 
 ARGUED: James Ernest Gronquist, Charlotte, NC, for appellant.
 Kenneth Davis Bell, Chief Asst. U.S. Atty., Charlotte, NC, for appellee. ON BRIEF: Jerry W. Miller, U.S. Atty., Charlotte, NC, for appellee.
 Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ralph Alexander, Sr. appeals the refusal of the district court to permit him to withdraw his plea of guilty to violating 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). We conclude that the district court abused its discretion and, accordingly, remand for further proceedings.
 
 I.
 
 2
 Alexander was indicted by a federal grand jury on numerous charges principally arising out of his participation in a conspiracy to possess with the intent to distribute and to distribute cocaine. Count Nine of the indictment charged Alexander with possessing firearms after having been convicted of crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C.A. Sec. 922(g)(1).
 
 
 3
 The facts underlying the Sec. 922(g)(1) charge have never been in dispute. During a December 1991 consent search of Alexander's home, law enforcement agents, who were aware that Alexander was a convicted felon, observed and seized various handguns, shotguns, and rifles, believing that Alexander's possession of them violated federal law. Although Alexander was previously convicted of crimes punishable by imprisonment exceeding one year, his civil rights, including his right to possess firearms in accordance with N.C. Gen.Stat. Sec. 14-415.1 (1993), were restored on March 14, 1990.*
 
 
 4
 In July 1992, Alexander pled guilty to several counts of the indictment, including Count Nine. While held in a local detention facility awaiting sentencing, he informed his attorney that he had learned that he may have had a complete defense to the Sec. 922(g)(1) charge. After researching the law, Alexander's attorney concluded that because Alexander's right to possess the firearms in his home had been restored under North Carolina law, Alexander's possession of them did not violate Sec. 922(g)(1).
 
 
 5
 Thus, approximately four months after Alexander pled guilty to the Sec. 922(g)(1) offense, but prior to sentencing, he moved to withdraw his guilty plea as to that offense pursuant to Federal Rule of Criminal Procedure 32(d). The Government initially informed the court that Alexander's motion was meritorious, but later represented to the district court that it believed that the decisions of this court had not squarely addressed the effect of a restoration of rights under North Carolina law upon a Sec. 922(g)(1) charge. The district court denied the motion, concluding that Alexander's position with respect to the restoration of his rights was incorrect as a matter of law. Alexander appeals, asserting that the district court abused its discretion in refusing to permit him to withdraw his plea of guilty to Count Nine.
 
 II.
 
 6
 Federal Rule of Criminal Procedure 32(d) provides that "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." "[A] 'fair and just' reason for withdrawing a plea is one that essentially challenges either the fairness of the Rule 11 proceeding ... or the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir.1992) (en banc), cert. denied, 115 S.Ct. 672 (1994). A defendant may challenge the fairness of a Rule 11 proceeding by demonstrating that he received ineffective assistance of counsel in connection with his decision to enter the plea, that is, " '(1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that he was prejudiced in the sense that "there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." ' " Id. (alteration in original) (quoting United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir.1989)). Because the decision of the district court with respect to withdrawal is discretionary, our review is limited to determining whether the district court abused its discretion. Id. at 1393.
 
 
 7
 In order to consider whether the district court abused its discretion in failing to permit Alexander to withdraw his guilty plea to Count Nine, it is first necessary to address the interplay of 18 U.S.C.A. Sec. 922(g)(1) and a restoration of rights under state law. Section 922(g) provides in pertinent part:
 
 
 8
 It shall be unlawful for any person--
 
 
 9
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ...
 
 
 10
 to ... possess in or affecting commerce, any firearm.
 
 
 11
 A "crime punishable by imprisonment for a term exceeding one year" is defined by 18 U.S.C.A. Sec. 921(a)(20) (West Supp.1994). United States v. Shoemaker, 2 F.3d 53, 54 (4th Cir.1993), cert. denied, 114 S.Ct. 698 (1994). This section provides in part:
 
 
 12
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 13
 18 U.S.C.A. Sec. 921(a)(20). Thus, "a violation of Sec. 922(g) cannot be predicated on a felony conviction for which a person's civil rights have been restored, unless that restoration 'expressly provides that the person may not ... possess ... firearms.' " United States v. Metzger, 3 F.3d 756, 758 (4th Cir.1993) (quoting 18 U.S.C. Sec. 921(a)(20)), cert. denied, 114 S.Ct. 1374 (1994).
 
 
 14
 In determining whether a defendant's restoration of rights "expressly provides" that he may not possess firearms, "a court must examine not only the state's certificate granting restoration of civil rights, but the actual effect of the restoration under the state's firearms laws on the defendant's ability to ship, transport, possess, or receive firearms." Shoemaker, 2 F.3d at 54-55. When the conduct charged by the government to have violated Sec. 922(g)(1) is permitted under the restoration of rights applying the law of the state, a defendant has not violated Sec. 922(g)(1). Id. at 56; see also United States v. Walker, 39 F.3d 489, 490-92 (4th Cir.1994); United States v. Essick, 935 F.2d 28, 29-31 (4th Cir.1991); United States v. McLean, 904 F.2d 216, 218-19 (4th Cir.), cert. denied, 489 U.S. 875 (1990).
 
 
 15
 The Government concedes that Alexander in fact is not guilty of the Sec. 922(g)(1) offense because his restoration of rights included the right to possess the firearms in question in his home. Further, the Government concedes that Alexander would be entitled to relief pursuant to 28 U.S.C.A. Sec. 2255 (West 1994). Nevertheless, the Government maintains that the district court did not abuse its discretion in refusing to permit Alexander to withdraw his plea of guilty to Count Nine, basing this position on its contention that until this court decided Shoemaker the law was unsettled.
 
 
 16
 As Alexander's counsel candidly stated to the court, both he and the prosecuting attorney were under the impression that Alexander did not have a valid defense to the Sec. 922(g)(1) charge prior to Alexander's plea of guilty. It was only after Alexander's attorney conducted appropriate research that he was able to determine based upon then-existing precedent that Alexander had not violated Sec. 922(g)(1). The district court obviously based its determination that Alexander had failed to present a fair and just reason to withdraw his plea upon the erroneous legal conclusion that Alexander was in fact guilty of the offense. Consequently, the district court abused its discretion in refusing to permit Alexander to withdraw his guilty plea to Count Nine, and we remand for further proceedings consistent with this opinion.
 
 REMANDED FOR FURTHER PROCEEDINGS
 
 
 *
 Section 14-415.1 prohibits individuals convicted of specified offenses from possessing
 any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in [N.C. Gen.Stat. Sec. 14-288.8(c) (1993) ], within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.
 However, Sec. 14-415.1 also provides, "Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business."