54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard GRAVELY, Defendant-Appellant.
 No. 94-5781.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1995.
Decided May 12, 1995.
 
 ARGUED: Aaron Peter Buda, Cincinnati, OH, for appellant. Michael Lee Keller, Assistant United States Attorney, Charleston, WV, for appellee. ON BRIEF: Rebecca A. Betts, United States Attorney, Charleston, WV, for appellee.
 Before WIDENER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 On April 20, 1994, as part of an ongoing investigation into suspected drug activity by the appellant, Richard Gravely, federal drug agents in Huntington, West Virginia arranged for a cooperating witness, Nancy Kelley, to attempt to purchase drugs from Gravely. Wired with a transmitting device, Kelley met with Gravely near his residence and purchased from Gravely two rocks of crack cocaine, weighing .56 grams, for $100.
 
 
 2
 A few days later, federal drug agents learned from Gravely's ex-wife that Gravely had traveled to Ohio to purchase more cocaine for distribution in West Virginia. The agents obtained a warrant for Gravely's arrest and awaited his return from Ohio. On May 3, 1994, upon his return to Huntington, Gravely was stopped by federal agents while driving his automobile and was immediately placed under arrest. Upon a search of the automobile, the police discovered beneath the driver's seat a bag containing 104 grams of cocaine.
 
 
 3
 A federal jury in Huntington convicted Gravely of distribution of cocaine base and of possession with the intent to distribute cocaine, both in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Gravely to a term of 210 months in prison on each count, to be served concurrently. The district court also imposed a fine of $5,000. Finding no merit to the various claims Gravely has raised on appeal, we affirm his convictions, sentence, and fine in all respects.
 
 II.
 
 4
 Gravely contends that the bag of cocaine discovered in his car at the time of his arrest was seized in violation of the Fourth Amendment and therefore should have been suppressed at trial. We find his claim unpersuasive.
 
 
 5
 The Supreme Court held in New York v. Belton, 453 U.S. 454 (1981), that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile," id. at 460 (footnote omitted). The Belton Court held further "that the police may also examine the contents of any containers found within the passenger compartment." Id. Gravely's arrest was based on a duly-obtained search warrant and was supported by probable cause. The search of Gravely's car, conducted incident to a valid arrest, is therefore unassailable, and the district court properly admitted the evidence.
 
 
 6
 Gravely attempts to characterize the search of his car as a "protective sweep," a more limited search authorized by the Supreme Court in Michigan v. Long, 463 U.S. 1032, 1049 (1983). Gravely then contends that the police were not entitled to conduct a protective sweep under Long, because Gravely had already been taken into custody and posed no danger to the officers. The sole basis for Gravely's claim that the search was limited to a protective sweep is an arresting officer's description of the search as a "protective sweep" at a suppression hearing. Regardless of how the officer may later have characterized the search, the fact remains that Gravely had been placed under arrest, and the officers were therefore constitutionally authorized to conduct a full search of the passenger compartment of the automobile.
 
 III.
 
 7
 At trial, the defendant's ex-wife testified that the defendant had sold drugs on prior occasions. Defendant claims on appeal that this evidence was inadmissible under Fed.R.Evid. 404(b). At oral argument, counsel for Gravely indicated that no objection was made to the admission of this evidence, but in his brief, counsel indicates that an objection was indeed made by standby counsel. When an objection is made in the district court, we review the admission of prior acts evidence for an abuse of discretion, United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir.1992), but in the absence of an objection, we review only for plain error, United States v. Olano, 113 S.Ct. 1770, 1776 (1993). We conclude that admission of the challenged evidence was proper under either standard.
 
 Rule 404(b) provides that
 
 8
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 
 
 9
 Fed.R.Evid. 404(b). " 'This court has held that Rule 404(b) is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition.' " Hernandez, 975 F.2d at 1038 (quoting United States v. Watford, 894 F.2d 665, 671 (4th Cir.1990)). Because this testimony was relevant to demonstrate Gravely's knowledge of the drug trade and the absence of mistake with respect to the drugs found in his car, and because the testimony was provided by a witness familiar with Gravely's illegal activities, the testimony was properly admitted under Rule 404(b).
 
 IV.
 
 10
 Gravely's next challenge is to the $5,000 fine imposed by the district court. He contends that this fine was excessive, given his purported inability to pay, and that the district court made insufficient findings to justify the fine. The district court specifically found, however, that "the defendant will be able to pay[this] sum[ ] by participating in the Bureau of Prisons' Inmate Financial Responsibility Program." J.A. at 37. The court explained that it imposed a fine of only $5,000, a departure downward from the statutory minimum of $17,000, because "even with the use of a reasonable installment schedule, the defendant would not have the ability to pay a greater fine were one imposed and imposition of a greater fine would impose an undue burden upon him and any dependents of his." Id. These findings are sufficient to justify the fine under our decision in United States v. Taylor, 984 F.2d 618, 621-22 (4th Cir.1993).[1]
 
 V.
 
 11
 Finally, Gravely contends that he received ineffective assistance of counsel at sentencing. We have held that "[a] claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. Sec. 2255 in the district court and not on direct appeal." United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir.), cert. denied, 115 S.Ct. 102 (1994). However, in the rare case when "it'conclusively appears' from the record that defense counsel did not provide effective representation," we will entertain a claim of ineffective assistance on direct appeal. Id. (citation omitted). Gravely's claim of ineffective assistance is far from conclusively established on the record. It is also noteworthy that Gravely was proceeding pro se in this matter and received the assistance only of standby counsel. We therefore find that Gravely has not satisfied the exacting burden of Gastiaburo, and we decline to address his ineffective assistance claim on direct appeal.[2]
 
 CONCLUSION
 
 12
 For the reasons stated herein, we affirm Gravely's convictions, sentence, and fine in all respects.
 
 AFFIRMED
 
 
 [1]
 United States v. Walker, 39 F.3d 489, 492 (4th Cir.1994), is not to the contrary. Though the court in Walker vacated the defendant's fine, the fine in that case was nearly twice the fine imposed in this case, and Walker's sentence was nearly two years shorter than Gravely's. Moreover, the defendant in Walker had a negative net worth. Though there is some suggestion that Gravely might have an educational loan still outstanding, the presentence report indicates that Gravely himself "advised that he has no present income, no assets, and no debts." Appendix Under Seal at 11
 
 
 [2]
 We also have no occasion to review the presentence report's calculation of the amount of drugs attributable to the defendant for purposes of sentencing. The district court sentenced the defendant as a career criminal and in no way relied on the report's calculation of the drugs in determining Gravely's sentence. J.A. at 27-28