**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5107

TRACY WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-93-31)

Argued: April 1, 1996

Decided: May 9, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Jr., Assistant Federal Public
Defender, Raleigh, North Carolina, for Appellant. Christine Blaise
Hamilton, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

PER CURIAM:

Tracy Walker pled guilty to various firearms offenses and was sentenced to a term of 188 months imprisonment and a fine of $9,700. In a prior appeal, we affirmed his convictions, but vacated the fine and remanded for further proceedings because the district court had failed to make factual findings with regard to the factors set forth in 18 U.S.C.A. § 3572(a) (West Supp. 1996). United States v. Walker, 39 F.3d 489, 492 (4th Cir. 1994). On remand, the district court once more imposed a $9,700 fine. Walker again appeals, principally arguing that in evaluating his ability to pay the fine, the court erred by considering his projected earnings while incarcerated. We affirm.

I.

Following our remand for further proceedings with respect to Walker's fine, the district court conducted a second sentencing hearing and found, as before, that Walker lacked the present ability to pay a fine. Turning to consider his future earning potential, the court specifically found that Walker had the ability to pay $300 in the first three years of his confinement and--due in part to his participation in the Inmate Financial Responsibility Program--$43 per month during the remainder of his prison term, resulting in total payments of $6,836 while incarcerated. The district court then found that Walker possessed the ability to afford minimum monthly payments of $50 during the 57 months of his term of supervised release, adding an additional $2,850 to the calculation. Based on these findings, the district court determined that Walker had the ability to pay a total fine of $9,686, which it rounded upward to $9,700. Walker appeals.

II.

Walker's primary contention is that reliance on prison earnings is improper because it interferes with the rehabilitative purposes of the Inmate Financial Responsibility Program and is inconsistent with the Sentencing Guidelines. As such, he maintains that the district court abused its discretion by ordering him to pay a fine. We disagree. A

2

district court properly may consider income earned during incarceration through the Inmate Financial Responsibility Program in determining whether to impose, and the amount of, a fine. See United States v. Francisco, 35 F.3d 116, 121-22 (4th Cir. 1994), cert. denied, 115 S. Ct. 950 (1995); United States v. Taylor , 984 F.2d 618, 622 (4th Cir. 1993). Upon remand, the court made specific findings of fact regarding Walker's prison earnings, including amounts earned through participation in the Inmate Financial Responsibility Program, and concluded that a $9,700 fine was appropriate--payable in monthly installments during his incarceration and supervised release. Based on this record, we cannot conclude that the decision of the district court to impose the fine was an abuse of discretion.

III.

In sum, we hold that the district court properly considered Walker's potential prison income in evaluating his ability to pay the fine it imposed. We have considered Walker's other arguments and find them to be without merit. The judgment of the district court is therefore affirmed.

AFFIRMED

3