# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\quad$ *Plaintiff-Appellee,*

v.

RICHARD ALLEN WAGER,
$\quad$ *Defendant-Appellant.*

No. 01-4906

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CA-01-117-DWS)

Submitted: April 17, 2002

Decided: June 18, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

## COUNSEL

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard Allen Wager pled guilty before a magistrate judge to an armed bank robbery he committed on January 16, 1996, in violation of 18 U.S.C.A. § 2113(a), (d) (West 2000). The district court sentenced him to a 125-month prison term to be served concurrently with another federal sentence for armed bank robbery. The court also imposed a five-year term of supervised release and ordered Wager to pay $7598 in restitution and a $100 special assessment. Wager appeals his conviction and sentence. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in counsel's view, there are no meritorious grounds for appeal. Wager has filed a pro se supplemental brief. We affirm in part, vacate in part, and remand for further proceedings.

Counsel first questions whether the magistrate judge properly conducted the Fed. R. Crim. P. 11 colloquy. Our review of the record leads us to conclude that the magistrate judge fully complied with the mandates of Rule 11 in accepting Wager's guilty plea. *See United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (stating standard of review); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996) (holding that taking guilty plea is permissible as "additional duty" for magistrate judge, that such proceedings do not violate structural guarantees of U.S. Const. art. III, and that de novo review by district court not required unless parties so demand).

Next, counsel raises as a potential issue the calculation of Wager's sentence. Because Wager did not object to the probation officer's recommendations in the presentence report, our review is for plain error. *United States v. Dinnall*, 269 F.3d 418, 423 (4th Cir. 2001) (stating standard of review). We find no plain error in the calculation of Wager's total offense level or criminal history category.

Although not raised by counsel, we address the sufficiency of the district court's findings with regard to its restitution order. Wager did not object to the adequacy of the district court's findings or the presentence report's recommendations at sentencing. Our review of the restitution order therefore is limited to review for plain error. *United*

*States v. Ubakanma*, 215 F.3d 421, 427 (4th Cir. 2000) (stating standard of review).

Before a district court orders restitution under the Victim and Witness Protection Act ("VWPA") (which applies to offenses, like Wager's, that were committed before April 24, 1996), *see United States v. Dawkins*, 202 F.3d 711, 715 (4th Cir.), *cert. denied*, 529 U.S. 1121 (2000), it must consider defendant's economic circumstances, including his financial resources and the needs and earning ability of him and his dependents. *See* 18 U.S.C.A. §§ 3663, 3664 (West 2000); *United States v. Bollin*, 264 F.3d 391, 419-20 (4th Cir.), *cert. denied*, 122 S. Ct. 303 (2001). "The district court must make explicit findings as to those factors enumerated in 18 U.S.C. § 3664(a) and such findings should be keyed to the specific type and amount of restitution ordered." *United States v. Plumley*, 993 F.2d 1140, 1143 (4th Cir. 1993) (citing *United States v. Bruchey*, 810 F.2d 456, 459 (4th Cir. 1987)). We have held that "[a] sentencing court satisfies its duty [under the VWPA] to make specific findings if it adopts a presentence report that contains adequate factual findings to allow effective appellate review of the fine or restitution." *Bollin*, 264 F.3d at 420 (internal quotation marks and citations omitted); *see United States v. Molen*, 9 F.3d 1084, 1086-87 (4th Cir. 1993).

Here, the presentence report's findings were not "keyed to the specific type and amount of restitution ordered." *Bruchey*, 810 F.2d at 459. Wager's presentence report noted that he was unable to pay a fine, that he had no assets or liabilities, and that he had virtually no employment history. In addition, the presentence report failed to address Wager's future earning ability either in prison, *see United States v. Walker*, 83 F.3d 94 (4th Cir. 1996), or upon his release or the restitution order's effect on Wager's existing obligation to pay $17,374 in restitution as a result of his prior conviction for armed bank robbery. We therefore find that the absence of any findings by either the district court or the presentence report keyed specifically to whether Wager is able to pay the restitution ordered and whether the imposition of such restitution would be unduly harsh constitutes plain error. *See United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). Accordingly, we vacate the district court's restitution order and remand for the court to make explicit findings regarding Wager's ability to pay.

Finally, Wager contends in his pro se supplemental brief that the Government did not timely file the indictment. We disagree. The indictment was filed within the five-year statute of limitations period, *see* 18 U.S.C.A. § 3282 (West 2000), and Wager has not shown that the preindictment delay violated his rights to due process. *See United States v. Marion*, 404 U.S. 307, 324 (1971).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Wager's conviction and sentence, except for the order of restitution. We vacate the restitution order and remand for further proceedings. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*