**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4752

DAVIN LAMONT SMITH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-17)

Submitted: May 22, 2003

Decided: June 13, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Davin Lamont Smith pled guilty to distributing 3.5 grams of cocaine base (Count 1), two counts of possessing a firearm by a convicted felon (Counts 2 and 4), and using and carrying a firearm in relation to a drug trafficking crime (Count 3). The district court sentenced Smith to 96 months imprisonment for Counts 1, 2 and 4, and 60 months, to be served consecutively, for Count 3. The court also fined Smith $8400 ($2100 per offense), and imposed a special assessment of $400 ($100 per offense). On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether the sentencing court erred by ordering Smith to pay a fine without considering the burden the fine would impose on his three dependent children. For the reasons that follow, we affirm in part, and vacate and remand in part.

We vacate and remand for the district court to consider the burden that the $8400 fine will have on Smith's three dependent children as required by 18 U.S.C. § 3572(a)(2) (2000). *See United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). A district court must make factual findings with respect to applicable § 3572 factors, to ensure that there is a basis for appellate review. *United States v. Walker*, 39 F.3d 489, 492 (4th Cir. 1994). We also direct the district court's attention to the clerical error in its criminal judgment stating that Smith's total offense level was 26. A review of the entire record reveals that Smith's total offense level was 21; the error may be corrected under Fed. R. Crim. P. 36.

We have examined the entire record in this case, in accordance with the requirements of *Anders*, and find no other meritorious issues for appeal. Accordingly, we affirm in part, vacate in part, and remand. This court requires that counsel inform his client, in writing, of his

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART AND REMANDED*