<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4116**

———————

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

    v.

VERN ODELL CRAWFORD, a/k/a Odell V. Crawford, a/k/a O'Dell
Crawford,

           Defendant – Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Samuel G. Wilson,
District Judge. (5:07-cr-00058-sgw-1)

———————

Argued: October 29, 2010      Decided: January 10, 2011

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part and vacated in part by unpublished opinion.
Judge Shedd wrote the opinion, in which Judge Motz and Judge
Gregory joined.

———————

**ARGUED:** Seth Allen Neyhart, Chapel Hill, North Carolina, for
Appellant.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES
ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**
Timothy J. Heaphy, United States Attorney, Roanoke, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Vern Odell Crawford appeals from his criminal conviction and sentence. For the reasons below, we affirm in part and vacate in part.

## I.

A jury convicted Crawford on twelve counts of methamphetamine distribution, two counts of cocaine hydrochloride distribution, and one count of amphetamine distribution. However, the jury acquitted Crawford on charges that he had been involved in a conspiracy to distribute drugs. The district court imposed a $1,000,000.00 fine as part of his sentence but did not make any specific findings regarding Crawford's ability to pay the fine. Crawford raises seven issues on appeal. After a thorough review of all seven issues, we address only two, and we find only one to have merit. Crawford did not raise either of these two issues below. Therefore, our review is for plain error. See Fed. R. Crim. P. 52(b). Four conditions must be met before we will recognize plain error: (1) there is error; (2) the error is plain under current law; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 733-737 (1993).

II.

Crawford argues that the court improperly calculated his sentence in violation of his Fifth and Sixth Amendment rights. The jury convicted Crawford on 15 various drug distribution charges, supported by witness testimony as to 94.22 grams of methamphetamines but acquitted Crawford on the conspiracy charges. However, at sentencing, the court adopted a drug weight of 5-15 kilograms of methamphetamines, as calculated in the Pre-Sentence Report ("PSR"), based upon judicial findings of relevant conduct, including the alleged conspiracy. Crawford challenges the court's consideration of this drug weight at sentencing as unreasonable and a violation of his constitutional rights because the jury did not convict him of the conduct related to this additional drug weight.

"It has long been established that sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009). Because the court found by a preponderance of the evidence that the 5-15 kilogram drug weight was attributable to Crawford, the court did not commit error by considering it as relevant conduct for the purpose of establishing Crawford's sentence, despite the fact that the drug weight stemmed from acquitted conduct.

3

III.

Crawford also argues that the issue of his fine should be remanded for the purpose of making appropriate findings as to his ability to pay such a fine. Before a district court can impose a fine, it must consider the impact of the fine on a defendant, including a defendant's income, earning capacity, and financial resources. See 18 U.S.C. § 3572. As we have explained, "the district court must make factual findings with respect to applicable section 3572 factors, so that there can be a basis from which to review whether the district court abused its discretion in assessing a fine." United States v. Walker, 39 F.3d 489, 492 (4th Cir. 1994).

The PSR states that Crawford does not have the ability to pay a fine because "[a]ll known assets have been attached by the government for forfeiture." J.A. 147. However, without making the specific findings required by § 3572, the court concluded that Crawford should pay a $1,000,000.00 fine. Without the specific factual findings required by § 3572, there is no basis for effective appellate review of the fine imposed. See United States v. Chorman, 910 F.2d 102 (4th Cir. 1990).

IV.

Based on the foregoing, we affirm Crawford's conviction. We also affirm his sentence, except for the imposition of the

4

fine.  Accordingly, we vacate the district court's imposition of a fine and remand that portion of the case to the district court with instructions to make the findings required by 18 U.S.C. § 3572.

<u>AFFIRMED IN PART</u>
<u>AND VACATED IN PART</u>