**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4140**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

DAVID LEE COX,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:09-cr-00037-BO-1; 4:09-cr-00038-BO-1)

Submitted:  November 30, 2011        Decided:  January 4, 2012

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Slade C. Trabucco, THE TRABUCCO LAW FIRM, P.A., Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Cox pled guilty, without a written plea agreement, to escaping from federal custody, in violation of 18 U.S.C. § 751(a) (2006). Cox later was convicted of conspiracy to distribute less than five hundred grams of cocaine, in violation of 21 U.S.C. § 846 (2006), and three counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Cox to a total of 240 months' imprisonment and imposed a $20,000 fine.

Cox's attorney submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the district court's drug-quantity finding. In his pro se supplemental brief, Cox questioned the reasonableness of his sentence, specifically challenging the district court's explanation for his 240-month sentence and the court's factual findings in support of the $20,000 fine it imposed.[*] Upon review of the record, we directed supplemental briefing from the parties on whether the district court abused its discretion by failing to adequately explain the reasons for the sentence or fine it imposed. We now affirm Cox's convictions and active

_____

[*] In his pro se supplemental brief, Cox also questioned the district court's adherence to the requirements of Fed. R. Crim. P. 32(i)(1)(A). Although the district court failed to comply with Rule 32(i)(1)(A), we conclude that this error did not affect Cox's substantial rights.

2

prison sentence, but we vacate the fine imposed and remand this case to the district court with instructions to make the requisite factual findings under 18 U.S.C. § 3572(a) (2006).

"We review . . . a drug quantity finding for clear error." United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). Under the clear error standard of review, we will reverse "only if . . . left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks omitted). Here, the district court did not clearly err in determining the drug quantity attributable to Cox. It is well-established that, at sentencing, the Government must prove drug quantity by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). Thus, we reject Cox's legal argument that allowing the Government to prove a greater drug quantity at sentencing than that found by the jury during the guilt phase of the trial violated his Sixth Amendment rights. Id. at 386-87.

Next, Cox argues his prison term is unreasonable because the district court gave no explanation for its decision to impose a 240-month sentence, which was a substantial downward variance from his Guidelines range of 324 to 405 months. Because Cox argued for a lower sentence than the one imposed, he preserved this issue, and our review is for abuse of discretion.

3

United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). A district court commits procedural error in sentencing when it "fail[s] to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Although the district court need not explicitly refer to 18 U.S.C. § 3553(a) (2006) or discuss every factor on the record, United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it "must make an individualized assessment based on the facts presented" and "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted).

In this case, the district court erred by providing no explanation for the length of the active prison term it imposed upon Cox. We conclude, however, that the Government met its burden to show that this error was harmless. Because Cox received a substantial downward variance, we conclude the district court's inadequate explanation "did not have a substantial and injurious effect or influence on the result" of the sentencing proceeding. Lynn, 592 F.3d at 585 (internal quotation marks omitted). Furthermore, Cox's arguments in support of a 120-month sentence were without legal merit, allowing us to conclude with "fair assurance that the district

4

court's explicit consideration of those arguments would not have affected the sentence imposed." Id. (internal quotation marks omitted).

Finally, Cox argues the district court erred when it imposed, with no explanation, a $20,000 fine as part of his sentence. Because Cox failed to object in the district court to the imposition or amount of the $20,000 fine, this court reviews the issue for plain error. Fed. R. Crim. P. 52(b); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). To establish plain error, Cox must show that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

A district court must consider several factors when deciding whether to impose a fine. See 18 U.S.C. § 3572(a). We have long held "that the district court must make factual findings with respect to applicable [§] 3572 factors, so that there can be a basis from which to review whether the district court abused its discretion in assessing a fine." United

5

States v. Walker, 39 F.3d 489, 492 (4th Cir. 1994). "In determining the imposition and amount of a fine under § 3572(a), the district court must consider, among other things, the income, financial resources, and earning capacity of the defendant, as well as the burden that the fine will impose upon the defendant and his dependents." Castner, 50 F.3d at 1277 (internal quotation marks omitted).

"A district court may satisfy these requirements if it adopts a defendant's presentence investigation report (PSR) that contains adequate factual findings to allow effective appellate review of the fine . . . ." Id. Otherwise, the district court must set forth specifically its findings of fact on the § 3572(a) factors. Walker, 39 F.3d at 492. The "[s]pecific findings . . . are necessary to assure effective appellate review of . . . fines imposed." Castner, 50 F.3d at 1277 (internal quotation marks omitted).

While the district court adopted Cox's PSR, the factual findings in the report did not support the imposition of the $20,000 fine. To the contrary, the probation officer found Cox was without the ability to pay a fine within the Guidelines range and could only pay a reduced fine from his prison earnings if he did not pay child support to his two minor children. The

6

district court did not address the probation officer's findings regarding Cox's ability to pay or the § 3572(a) factors. Thus, we conclude the district court committed error by failing to follow § 3572(a) before imposing the fine and that the court's error was plain. We further conclude this error affected Cox's substantial rights as it led to the imposition of a fine greater than he can pay and prevents him from meeting his obligations to his dependents. We accordingly vacate the fine and remand this case for further proceedings consistent with this opinion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal, other than that related to the fine. We therefore affirm the convictions, vacate the fine, remand for reconsideration of the fine, and affirm the judgment in all other respects. We deny Cox's pending motions for the appointment of new counsel on appeal, but we suggest the district court consider appointing new counsel for Cox upon remand. This court requires that current counsel inform Cox in writing of the right to petition the Supreme Court of the United States for further review. If Cox requests that such petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cox.

7

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
