**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4959**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ALLEN DAVID HILL,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:10-cr-00140-FL-1)

Submitted: March 22, 2012       Decided: March 30, 2012

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen David Hill pleaded guilty to possession of a firearm after sustaining a prior conviction punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Hill to 100 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in upwardly departing under the advisory Guidelines. Hill was informed of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm Hill's conviction, but vacate the portion of the sentence pertaining to a fine, and remand for resentencing.

Counsel argues on appeal that the district court erred in upwardly departing under the Guidelines on the ground that Hill's criminal history category under-represented the seriousness of his criminal history. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors,

2

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citation omitted). Pursuant to the Guidelines, "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S. Sentencing Guidelines Manual ("USSG") § A1.3(a)(1) (2011). The district court should consider several factors in making this determination, including whether the defendant incurred prior sentences that did not count in calculating the criminal history. USSG § 4A1.3(a)(2)(A). We have thoroughly reviewed the record and conclude that the district court did not err in upwardly departing from the Guidelines range based on Hill's criminal history.

Although not raised by counsel, however, we find that the district court plainly erred in imposing a $4000 fine in this case. As Hill did not object to the imposition of the fine

3

in the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, the record must confirm that there was error, that was plain, and that affected Hill's substantial rights. Id. Moreover, even if plain error occurred, this court will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Under the Guidelines, a district court must impose a fine except where the defendant establishes that he is unable to pay and is not likely to become able to pay a fine. USSG § 5E1.2(A). A district court must consider several factors in deciding whether to impose a fine, including the defendant's income, earning capacity, and financial resources; the burden that the fine will impose on the defendant or any dependents; any loss to victims of the offense; whether restitution has been ordered; the need to deprive the defendant of illegally obtained gains; and the costs to the government of incarceration. 18 U.S.C. § 3572(a) (2006); see United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995) (discussing factors). We have held "that the district court must make factual findings with respect to applicable section 3572 factors, so that there can be a basis from which to review whether the district court abused its

4

discretion in assessing a fine." United States v. Walker, 39 F.3d 489, 492 (4th Cir. 1994). "A district court may satisfy these requirements if it adopts a defendant's presentence investigation report (PSR) that contains adequate factual findings to allow effective appellate review of the fine." Castner, 50 F.3d at 1277 (citation omitted). "Otherwise, the district court must set forth specifically its findings of fact on the factors set forth in 18 U.S.C. § 3572(a)." United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999) (citation omitted).

While the district court adopted Hill's PSR, the factual findings in the report did not support the imposition of a $4000 fine. The probation officer noted that Hill had limited education, no history of employment, no assets, resources, or income, and could only pay a reduced fine of up to $2900 during imprisonment and after release from incarceration. The district court failed to address the probation officer's findings with respect to Hill's ability to pay a fine and failed to discuss the § 3572 factors. See United States v. Cox, 2012 WL 11256, *3 (4th Cir. Jan. 4, 2012) (unpublished). We therefore conclude that the district court erred in imposing the fine without making the requisite findings. We further conclude that this error was plain and that it affected Hill's substantial rights. Accordingly, we vacate the order imposing a fine and remand for

5

proceedings consistent with this opinion.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no other meritorious issues for appeal. We therefore affirm Hill's conviction, but vacate the sentence as to the order of a fine and remand to the district court for resentencing. We also deny counsel's motion to withdraw. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED