**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4154

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

VERN ODELL CRAWFORD, a/k/a Odell Crawford, a/k/a O'Dell
Crawford,

        Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Samuel G. Wilson,
District Judge. (5:07-cr-00058-SGW-1)

Submitted: August 30, 2012     Decided: September 6, 2012

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sherwin John Jacobs, Harrisonburg, Virginia, for Appellant.
Timothy J. Heaphy, United States Attorney, Jean B. Hudson,
Assistant United States Attorney, Charlottesville, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vern Odell Crawford appeals the $1,000,000 fine imposed by the district court following this court's remand for resentencing. Crawford alleges that he lacks the ability to pay the imposed fine. We affirm.

Under the Guidelines, a district court must impose a fine except where the defendant establishes that he is unable to pay and is not likely to become able to pay a fine. U.S. Sentencing Guidelines Manual § 5E1.2(a) (2008). Section 3572(a) lists the factors a district court must consider, in addition to the 18 U.S.C. § 3553(a) (2006) sentencing factors, when determining whether to impose a fine. 18 U.S.C. § 3572(a) (2006). These factors include the defendant's income, earning capacity, and financial resources; the burden that the fine will impose on the defendant or any dependents; any loss to victims of the offense; whether restitution has been ordered; the need to deprive the defendant of ill-gotten gains; and the costs to the government of his incarceration. 18 U.S.C. § 3572(a)(1)-(6); see United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995) (discussing factors).

"[T]he district court must make factual findings with respect to applicable section 3572 factors, so that there can be a basis from which to review whether the district court abused its discretion in assessing a fine." United States v. Walker,

2

39 F.3d 489, 492 (4th Cir. 1994).  "A district court may satisfy these requirements if it adopts a defendant's presentence investigation report . . . that contains adequate factual findings to allow effective appellate review of the fine . . . ."  Castner, 50 F.3d at 1277.  "Otherwise, the district court must set forth specifically its findings of fact on the factors set forth in 18 U.S.C. § 3572(a)."  United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999).

Here, the district court did not adopt the presentence report, but it did make specific findings.  Our review of the record leads us to conclude that the district court's findings were accurate and adequate to support the imposition of the fine.  Accordingly, we affirm Crawford's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>