**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4648**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSHUA WAYNE CLEMONS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:20-cr-00015-KDB-DCK-1)

───────────────

Submitted: August 5, 2025                Decided: August 13, 2025

───────────────

Before AGEE, THACKER, and HARRIS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Wayne Clemons pled guilty to distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1), and possession of child pornography involving a prepubescent minor and minor who had not attained the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced him to 300 months' imprisonment on the distribution count and a concurrent term of 240 months' imprisonment on the possession count followed by concurrent lifetime terms of supervised release. The court also imposed assessments of $17,000 and $35,000 under 18 U.S.C. § 2259A(a). Clemons appealed the criminal judgment pursuant to *Anders v. California*, 386 U.S. 738 (1967). While this appeal was pending, the district court ordered that Clemons pay $26,000 in restitution and entered an amended criminal judgment imposing this requirement that Clemons did not appeal. In Clemons' *Anders* appeal, this court affirmed his convictions and all portions of his sentence other than the $52,000 in assessments, vacated those assessments, and remanded to the district court for resentencing.

On remand, the district court imposed assessments of $10,000 and $5,000 under § 2259A(a) and entered another amended criminal judgment imposing them. Clemons now appeals, challenging the imposition of these assessments. We affirm.

Clemons argues that the district court's decision to impose the assessments was not supported by a proper consideration of the 18 U.S.C. §§ 3553(a), 3572 factors, and that the court erred in imposing the assessments given his financial circumstances and inability to pay them. "We review *de novo* the adequacy of factual findings to support a [monetary

2

penalty] and accept the district court's findings unless they are clearly erroneous." *United States v. Linney*, 134 F.3d 274, 281 (4th Cir. 1998). We review for abuse of discretion the district court's decision to impose a particular assessment after making the necessary factual findings. *See United States v. Walker*, 83 F.3d 94, 95 (4th Cir. 1996) (per curiam).

Under 18 U.S.C. § 2259A(a)(1)-(2), "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law," the district court "shall assess . . . not more than $17,000" on any person convicted of an offense under 18 U.S.C. § 2252A(a)(5) and "not more than $35,000" on any person convicted of any other offense for trafficking in child pornography. In determining the assessment amount under this provision, the district court "shall consider the factors set forth in sections 3553(a) and 3572." *United States v. Deritis*, 137 F.4th 209, 223 (4th Cir. 2025) (internal quotation marks omitted); *see* 18 U.S.C. § 3553(a) (listing "[f]actors to be considered in imposing a sentence"); 18 U.S.C. § 3572(a) (listing factors to be considered in "determining whether to impose a fine").

Section 3553(a) requires consideration of the nature and circumstances of an offense, the history and characteristics of the defendant, the needs for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense, and other factors, in imposing a sentence. 18 U.S.C. § 3553(a). Section 3572 requires consideration of the defendant's "income, earning capacity, and financial resources," the burden the assessment will impose on the defendant, whether restitution is ordered and the amount such restitution, and other factors, in addition to the § 3553(a) factors. 18 U.S.C. § 3572(a). A court considering the § 3572 factors "must make specific fact findings on

3

these factors." *Deritis*, 137 F.4th at 223 (internal quotation marks omitted).  A presentence report (PSR) adopted by the district court may provide sufficient factual findings to allow effective appellate review of a monetary penalty.  *See United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999).

The district court determined the assessments were warranted in light of the nature and circumstances of Clemons' offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of his offenses and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(1), (2)(A).  The court also acknowledged its previous order that Clemons pay $26,000 in restitution, considered the burden the assessments would impose on him while he was imprisoned, and determined that the assessments would produce no greater burden than the restitution obligation that already had been imposed. The court adopted without any objection from Clemons the PSR's recounting of his financial circumstances and assessments of his present and future abilities to make monetary payments and concluded after hearing the parties' arguments at the resentencing hearing about Clemons' financial circumstances and earning capacity that, although the chances the assessment sums would be paid during his prison term were "slim to none," he might be able in the future to pay some amount toward them.  Balancing these considerations against the § 3553(a) factors, the district court determined that reduced assessments totaling $15,000 were warranted to "vindicate" the § 3553(a) factors in Clemons' case.

We conclude that the district court's discussion of these factors adequately reflects consideration of, and the factual findings required by, § 3572(a) and the decision in *Deritis*.

4

We also reject as without merit Clemons' arguments that the district reversibly erred in imposing the assessments in light their burden on him while he is imprisoned, his indigency, and his future inability to pay them.

We therefore affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*